UNITED STATES

v.

Staff Sergeant John P. MARTIN, FR 152–48–8712, United States Air Force.

ACM 24034.

U.S. Air Force Court of Military Review.

Sentence Adjudged 17 May 1983.

Decided 8 Nov. 1983.

**900**

Appellate Counsel for the Accused: Colonel George R. Stevens, Major William H. Lamb and Major Alfred E.T. Rusch, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Kathleen A. McGah, USAFR.

Before HODGSON, FORAY and MILLER, Appellate Military Judges,

## DECISION

MILLER, Judge:

Tried before a general court-martial consisting of members, the accused was convicted pursuant to his pleas of a single specification of sodomy on divers occasions and three specifications of lewd and lascivious acts in violation of U.C.M.J., Articles 125 and 134, 10 U.S.C. §§ 925 and 934. His approved sentence extended to a dishonorable discharge, confinement at hard labor for five years, total forfeitures and reduction to airman basic.

During the military judge's *Care* inquiry, government counsel provided two documents concerning the allegations. The first, a stipulation of fact, detailed all the misconduct alleged against the accused except for one of lewd and lascivious conduct offenses. The second, a confession obtained in accordance with Article 31, detailed all the misconduct alleged against the accused. This confession also referenced the fact that the accused's stepdaughter had been removed from his home at the age of four months for "suspected child abuse," and was not returned to his household until she was five years old.

At this point in the trial, the accused objected to the portion of this confession that referenced "suspected child abuse." While conceding that, in the context of the confession, this reference to uncharged misconduct would ordinarily be admissible under Military Rule of Evidence (Mil.R.Evid.) 404(b), the defense asserted that because the accused had already pleaded guilty to all the charged offenses, the danger of unfair prejudice that might stem from this reference to uncharged misconduct would substantially outweigh its probative value. Accordingly, concluded the defense, it should be excluded pursuant to Mil.R.Evid. 403. The military judge overruled the defense objection, admitting the confession in its entirety.

Appellate defense counsel assert that the military judge erred by failing to sustain this objection. We agree.

In *United States v. Taliaferro*, 2 M.J. 397 (A.C.M.R.1979), the Army Court of Military Review considered whether uncharged misconduct designed to show "motive, intent, or state of mind" could be presented by the government as a post-findings matter in aggravation, following a contested finding of guilty. Concluding that "the only purpose the evidence could serve at this juncture was to convince the court-martial that the accused was a bad man," it determined that such evidence was inadmissible.

Just five months ago, our own Court, confronted by uncharged misconduct in both a stipulation of fact and a confession which were admitted during sentencing to "show a course of conduct" under Mil.R. Evid. 404(b), noted that:

Although these documents may have been admissible for this purpose on the merits if the accused had pled not guilty, we do not agree that they were admissible in sentencing proceedings where the accused pled guilty to the charges. *United States v. Black,* 16 M.J. 507 (A.F.C.M.R.1983).

We find no basis in logic to apply a different rule in this case, simply because government counsel introduced this uncharged misconduct relating to "motive" during the merits portion of a guilty plea case, rather than waiting to submit it as aggravation during its sentencing portion. The accused's motive for committing charged offenses is no more necessary to a determination of his guilt during the merits portion of an uncontested case than it is to a determination of his sentence during its sentencing portion.

Accordingly, we are convinced that the only purpose uncharged misconduct, ordinarily admissible in a *contested* case under Mil.R.Evid. 404(b), can serve in an *uncontested* case is to convince the court that the accused is a bad man. The uncharged misconduct admitted here, being inadmissible under Mil.R.Evid. 404(a), was also inadmissible under Mil.R.Evid. Rule 404(b) because of the effect of Mil.R.Evid. 403. The military judge's error being prejudicial, reassessment of sentence is required.

The facts and circumstances surrounding the offenses in this case were particularly aggravated, as was suggested by the court-martial's original sentence, which included 25 years confinement at hard labor. We are independently convinced upon reassessing the approved sentence that the punishment imposed thereby remains appropriate. Accordingly, the findings of guilty and the approved sentence are

AFFIRMED.

HODGSON, Chief Judge, and FORAY, Senior Judge, concur.