UNITED STATES, Appellant,

v.

John P. MARTIN, Staff Sergeant U.S. Air Force, Appellee.

No. 48280.

ACM 24034.

U.S Court of Military Appeals.

July 15, 1985.

For Appellant: *Major Robert E. Ferencik* (argued); *Colonel Kenneth R. Rengert, Major Charles E. Ambrose, Jr.* (USAFR), *Captain Kevin L. Daugherty, Captain Brenda J. Hollis* (on brief).

For Appellee: *Major William H. Lamb* (argued); *Colonel Leo L. Sergi* and *Lieu-*

tenant Colonel Alfred E.T. Rusch (USAFR) (on brief).

## Opinion

COX, Judge:

The accused was tried by a general court-martial convened at Blytheville Air Force Base, Arkansas, on May 16–17, 1983. Pursuant to his pleas, he was convicted of sodomy, taking indecent liberties with a child (two specifications), and committing lascivious acts with a child, in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 925 and 934, respectively. The adjudged sentence was a dishonorable discharge, confinement at hard labor for 25 years, forfeiture of all pay and allowances, and reduction to airman basic. In accordance with a pretrial agreement, the convening authority reduced the confinement to 5 years, but otherwise approved the sentence. The Court of Military Review affirmed the findings, but, finding error in the presentencing proceedings, reassessed the sentence but found it nonetheless appropriate. 17 M.J. 899 (1983).

During the providence inquiry of the accused, after completion of the queries into the charges and specifications, trial counsel offered a stipulation of fact and a handwritten statement that the accused had given to agents of the Office of Special Investigations (OSI). Both documents describe, in graphic detail, the accused's actions with his step-daughter, his daughter, and another child during the periods alleged in the specifications (July 1 to August 30, and October 1, 1982, to January 24, 1983). However, the confession contains this preliminary information:

In Jan 74, Angela [the accused's step-daughter] was taken away from us for suspected child abuse and at that time her [the accused's wife's] family resented me and never let me say anything but

tried to break up our marriage. It took us five years to get Angela back in our home. During these five years we had two more children and she had a tubal pregnancy.

Defense counsel objected to the confession "primarily because of the references ... to matters that occurred back in the 1973 to 1978 time frame." He argued that this constituted

conduct that is not charged that would be before the jury under [Mil.R.Evid.] 404b,[1] but also, under [Mil.R.Evid.] 403, it's the defense's contention that it is so remote in time, and it is such a different type of offense totally unrelated to the offenses for which Sergeant Martin is facing trial today, that it should be excluded ...

Trial counsel responded that the cited material explained the accused's motive for the sexual assault and hence was admissible under Mil.R.Evid. 404(b). The military judge agreed with the Government and admitted both exhibits.[2] After going over the pretrial agreement with the accused, the military judge found the accused guilty in accordance with his pleas.

Confronted with the issue on appeal, the court below held:

[W]e are convinced that the only purpose uncharged misconduct, ordinarily admissible in a *contested* case under Mil.R. Evid. 404(b), can serve in an *uncontested* case is to convince the court that the accused is a bad man. The uncharged misconduct admitted here, being inadmissible under Mil.R.Evid. 404(a), was also inadmissible under Mil.R.Evid. 404(b) because of the effect of Mil.R.Evid. 403. The military judge's error being prejudicial, reassessment of sentence is required.

17 M.J. at 901.

■ The Judge Advocate General of the Air Force certified the case to this Court for review on the following issue:

---

1. Mil.R.Evid. 404(b) permits introduction of "[e]vidence of other crimes, wrongs or acts" for the purpose of (among other things) proving motive or intent. Mil.R.Evid. 403 provides for exclusion of otherwise relevant evidence "if its

probative value is substantially outweighed by the danger of unfair prejudice ... or misleading the members ..."

2. *See infra* at 230.

WAS THE AIR FORCE COURT OF MILITARY REVIEW CORRECT IN HOLDING THAT EVIDENCE OF UNCHARGED MISCONDUCT, NORMALLY ADMISSIBLE UNDER MRE [MIL. R.EVID.] 404(b) IN A CONTESTED CASE, IS INADMISSIBLE BECAUSE OF THE EFFECT OF MRE 403, WHEN THE ACCUSED PLEADS GUILTY?

To the extent that the Court of Military Review held Mil.R.Evid. 403 always renders uncharged misconduct on findings, normally admissible under Mil.R.Evid. 404(b), to be inadmissible on sentencing, they were in error. The same balancing test required under Mil.R.Evid. 403 applies equally to evidence received during findings and sentencing.

 It is noted at the outset that the court below correctly held that the evidence was not admissible under Mil.R.Evid. 404(a) because the accused did not—and probably could not—place his character into evidence during the providence inquiry. The military judge also correctly held that the evidence—*qua* evidence—would have been admissible under Mil.R.Evid. 404(b) had the accused chosen to contest the case.[3] This leaves for decision that part of the certified issue that asks whether the Court of Military Review was correct in making a distinction between contested and uncontested cases as the basis for admissibility of this evidence for sentencing consideration.

Paragraph 75*b*(4) of the Manual for Courts-Martial, United States, 1969 (Revised edition), which was in effect at the time of the accused's trial provides:

> If a finding of guilty of an offense is based on a plea of guilty and available evidence as to any aggravating circumstances relating to the offenses of which the accused has been found guilty was

not introduced before findings, the prosecution may introduce such evidence after the findings are announced.

While the confession was actually introduced before findings, it is clear that its purpose was not to convince the military judge to accept accused's pleas, but rather to provide a basis for sentence considerations by the court members during the presentencing portion of the trial.

We have held, in a somewhat different factual situation, that trial counsel may present evidence that is directly related to the offense for which an accused is to be sentenced, regardless of the nature of the accused's pleas. In *United States v. Vickers*, 13 M.J. 403, 406 (C.M.A.1982), we held:

> To interpret the Manual to allow such evidence—irrelevant on the merits but highly relevant on sentencing—after findings in a guilty-plea case, but to prohibit it in a contested case, would present the anomaly that the admissibility of relevant *sentencing* evidence would be determined by an accused's *plea*. In some instances, an accused might plead not guilty merely to exclude evidence that would be damaging as to sentence. Moreover, the decision of the trial counsel to offer certain evidence prior to findings in a contested case—or of the trial judge to receive it—might be influenced by the effect such action would have on the opportunity for the sentencing authority later to consider such evidence if the accused is convicted.

Neither the Code, the Manual, nor the caselaw of this Court mandates the result reached by the Court of Military Review. Both paragraph 75*c*(3) and Mil.R.Evid. 1101(*c*), Manual, *supra*, provide for relaxing the rules of evidence in presentencing procedures. The obvious import of para-

---

**3.** Evidence of uncharged misconduct is properly kept away from the triers of fact prior to findings except in certain, closely controlled circumstances in order to prevent the conviction of an accused for a specific crime because he generally has the reputation of being a "bad man." *See* McCormick's Handbook of the Law of Evidence 447 (E. Cleary 2d ed. 1972). This is one of the

basic premises underlying Mil.R.Evid. 403. Of course, this consideration is removed once the accused has been convicted. Then the goal is to find an appropriate sentence for the crime and the accused. Thus, there must be a balance of several considerations concerning the accused and the crime. *See generally United States v. Morgan*, 15 M.J. 128 (C.M.A.1983).

graph 75 is to allow introduction of evidence with a view towards providing the best evaluation of the accused for the sentencing authorities in order to permit the imposition of a truly appropriate sentence.[4]

 Therefore, to the extent that the Court of Military Review held that Mil.R. Evid. 403 automatically bars introduction of aggravating evidence relating to offenses of which an accused has been found guilty after he has pleaded guilty, it was in error. Receipt of sentencing evidence which otherwise meets the admissibility tests of the rules and the Manual is not dependent upon the character of the accused's pleas.[5]

One other matter deserves our consideration. At trial, during an out-of-court hearing to discuss sentencing instructions, the military judge appeared to have "second thoughts about" his earlier ruling concerning the confession. He said:

> Now, yesterday, when we discussed the admissibility of Prosecution Exhibit Two, I indicated to the accused and counsel for the accused that I would give an instruction. I knew at the time that I told you that, that it wasn't absolutely necessary. As a matter of fact, the law does not require, except under unusual circumstances, that an instruction be given with regards to the use of certain uncharged misconduct during the course of sentencing, if it comes in for another purpose during the course of the trial on the merits of guilt or innocence.

I've had some second thoughts about that, first of all, because I'm not so sure that the language that we were discussing then necessarily amounted to uncharged misconduct, and if I characterize it as that, I might be giving more weight to that rather ambiguous statement ... [than] it really deserves ...

Obviously, I'm suggesting that if I characterize it as being uncharged misconduct, then the court is going to assume, I would think, from my characterization, that it must have been this accused who abused that child, and I don't think there is any suggestion of that nature throughout the rather ambiguous statement.

It appears that, consciously or not, the military judge was performing the balancing test required by Mil.R.Evid. 403. If I correctly interpret the implications of his remarks, it seems he concluded that accused's statement was so ambiguous as to have very little weight. If this assessment is correct, then he should have redacted the language from the confession since the potential for "[u]nfair prejudice ... or misleading the members" would appear to unfairly overweigh any residual "probative value" of the language. S. Saltzburg, L. Schinasi, D. Schlueter, *Military Rules of Evidence Manual* 176–77 (1981). Although it is not precisely clear, it may be that the Court of Military Review concluded that the military judge abused his discretion under Mil.R.Evid. 403. Certainly, it is within their power to make such a determination as well as to use their mixed-law/fact-finding powers to substitute their

---

**4.** It is true that this evidence could be considered as portraying the accused as a "bad man," as the court below concluded; but the purpose of the presentencing portion of a court-martial is to present evidence of the relative "badness" and "goodness" of the accused as the primary steps toward assessing an *appropriate* sentence.

**5.** An appropriate analysis of proffered government evidence on sentencing is first to determine if the evidence tends to prove or disprove the existence of a fact or facts permitted by the sentencing rules [*compare* R.C.M. 1001, Manual for Courts-Martial, United States, 1984, *with* para. 75, Manual for Courts-Martial, United States, 1969 (Revised edition)]. If the answer is yes, then is the proffered evidence admissible under either the Military Rules of Evidence or the more relaxed rules for sentencing? In the instant case, this analysis would lead one to conclude that the confession was relevant to prove lack of mistake or motive or predisposition to commit the alleged offenses and tended to aggravate them. Since it meets both the sentencing rules and Mil.R.Evid. 404(b), it is admissible. Of course, the military judge must apply the Mil.R.Evid. 403 test to determine if the prejudicial effect of the evidence outweighs the probative value. Review of his decision is predicated upon whether or not he "abused his discretion." This review is properly within the jurisdiction of the Court of Military Review.

own judgment for that of the military judge in this situation. My response to the certified issue should not be construed, in any way, as placing any limitations on the authority of Courts of Military Review to arrive at such a conclusion.

Because the court below affirmed the approved findings and sentence, no further action on the certified issue is required by this Court.

Judge FLETCHER did not participate.

EVERETT, Chief Judge (concurring in the result):

## I

During the providence inquiry into the accused's proffered pleas of guilty to charges of sodomy, indecent liberties with a child (two specifications), and lascivious acts with a child, in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 925 and 934, respectively, trial counsel sought to introduce the accused's confession into evidence for use on sentencing. Defense counsel objected to the exhibit because of references therein to "suspected child abuse" which had occurred in 1973—nine years before the accused began the conduct for which he then was being tried. The particular passage of concern was this:

In Jan 74, Angela [the accused's stepdaughter] was taken away from us for suspected child abuse and at that time her [the accused's wife's] family resented me and never let me say anything but tried to break up our marriage. It took us five years to get Angela back in our home. During these five years we had two more children and she had a tubal pregnancy.

Defense counsel explained his objection in these terms:

I do object to the admission of the confession primarily because of the references within the confession to matters that occurred back in the 1973 to 1978 time frame, a suspected child abuse case where the State of Mississippi took Angela away from the family. I object

to any reference in there because of the prejudicial impact. It is conduct that is not charged that would be before the jury under 404b, but also, under 403, it's the defense contention that it is so remote in time, and it is such a different type of offense totally unrelated to the offenses for which Sergeant Martin is facing trial today, that it should be excluded, and with the exclusion of those references to the conduct in Mississippi, or the alleged conduct in Mississippi, which may refer to Sergeant Martin or somebody else in the family, or anybody, then I feel it would be prejudicial to have the confessions as a document go in with those portions masked.

However, to satisfy the prosecution's concern that the circumstances surrounding the instant offenses be illuminated, defense counsel indicated a willingness "to stipulate to anything, and everything relating to the elements of the offenses."

When trial counsel responded that the entire statement was admissible to show the accused's motive, the military judge noted this problem with the evidence:

It's a rather ambiguous statement. It doesn't suggest who—it doesn't even suggest that there was child abuse, let alone who might have been the perpetrator of any child abuse if there was any, but I understand defense counsel's position. The court may infer as a result of that statement that, by the subsequent conduct of the accused, perhaps he was the perpetrator of the, quote, "suspected child abuse."

Even more to the point, the judge queried trial counsel:

Are you suggesting that his motive lays in the fact that this child was a stepdaughter, had been in the home and perhaps, perhaps not, abused, taken from the home, then returned to the home in 1978, four years after the child was abused, and then these acts start up eight years after that in '82, that's when the acts of the accused were committed, apparently first started?

Do you still think that there is some probative value?

Despite these misgivings, the military judge admitted the exhibit—including the sensitive passage—but offered to give a limiting instruction. Later, though, the judge decided not to give the instruction because he doubted that any uncharged misconduct was described and, if it were, that it involved the accused. Although defense counsel initially had asked for such an instruction, he acquiesced in the judge's decision. Subsequently, however, the issue was highlighted by assistant trial counsel in his argument, which developed as a theme on child abuse.

## II

### A

Evidence of an accused's motive goes to the likelihood that he did the act charged. For this reason, it usually is admissible in a contested case to establish guilt. In a guilty-plea case, the accused admits the act and his criminal liability for it. Therefore, no purpose is served in such a case prior to findings by evidence about motive, *see* Mil. R.Evid. 401, unless the military judge wishes to bolster the providence of the guilty plea by having extensive evidence of guilt in the record.

Evidence of an accused's motive or other state of mind often serves a proper and useful function during the sentencing phase of a trial, for it may show aggravating or mitigating circumstances of the charged offenses. *Cf.* para. 75, Manual for Courts-Martial, United States, 1969 (Revised edition). To illustrate, in a drug-distribution case, it will help the sentencing authority to learn whether the accused distributed the drug to a friend as a favor or whether he did so as part of a large business that he operated. Accordingly, just as the Government may offer evidence of prior misconduct to establish motive, intent, or other state of mind where relevant to guilt or innocence, *see* Mil.R.Evid. 404(b), it may offer such evidence for sentencing purposes to the extent that the accused's

state of mind is an aggravating circumstance that may be considered by the sentencing authority. *Cf.* para. 75b (4), Manual, *supra*. As with other evidence in aggravation, the admissibility of prior-misconduct evidence for sentencing purposes does not turn directly on whether the accused pleaded guilty or not guilty. *See United States v. Vickers*, 13 M.J. 403 (C.M.A.1982).

Whether the evidence of prior misconduct is offered for findings, for sentence, or for both purposes, the limitations of Mil.R.Evid. 403 apply; and the judge must weigh the probative value of the evidence against its prejudicial effect. In striking a proper balance, the presence of a guilty plea may be relevant, for the prosecutor does not need evidence of prior misconduct to help prove guilt when that guilt is admitted. On the other hand, where the accused has pleaded guilty, no possibility exists that he will be prejudiced as to findings by evidence of prior misconduct.

In a guilty-plea case, it may be premature to receive evidence of motive prior to findings, as was done in this case. However, I can discern no prejudice to an accused from the judge's admitting it at that time and later allowing the parties to refer to this evidence in connection with sentencing.

### B

Before considering whether trial counsel was entitled to use evidence of prior misconduct in order to establish Martin's motive or state of mind for consideration on sentencing, it must be determined whether the proffered · evidence actually tended to demonstrate his motive to commit the offenses of which he pleaded guilty. At least on this record, the circumstance that, eight years before, his step-daughter (then an infant) had been taken from the family for "suspected child abuse" (by someone) casts no light on his motive to commit the crimes with which he was charged. First, the confession does not state that child abuse was found to exist. Second, although the confession permits the inference that this accused committed child abuse, it is equally

consistent with the possibility that some other person was responsible for the abuse. Third, the prosecution laid no foundation at all for admission by showing the type of abuse involved, so as to tie it in some way to the offenses facing Martin at his court-martial. Finally, the earlier incident was remote in time and circumstance.

Indeed, from what the military judge said at trial, it appears that he, too, could not detect the relevance of this evidence, so I am not sure of the basis upon which he admitted it. Initially, as quoted earlier, the judge characterized the passage as "ambiguous" about whether any child abuse had in fact occurred and, if so, whether the accused had been the perpetrator. Later, he questioned the probative value of the statement, by reason of many of the same circumstances I have mentioned. Finally, after he had nonetheless admitted the exhibit, he decided against a limiting instruction because of "second thoughts" as to whether the language of the confession could properly be characterized as evidence of uncharged misconduct. When carefully analyzed, all three of these observations by the military judge have a common basis: the evidence was not relevant under Mil.R. Evid. 401.

## C

If, somehow, the objectionable passage of the confession can be viewed as relevant, all of the factors I have identified compel a conclusion that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. Accordingly, even if admissible under Mil. R.Evid. 401 and 404(b), it should have been excluded under Mil.R.Evid. 403.

## D

To me, the phrasing of the certified issue seems misleading, because it implies that the Court of Military Review determined that the challenged evidence would have been admissible on the merits of a contested case, but was inadmissible for any reason in this guilty-plea case. I do not read the opinion below in this way. Instead, I believe that the Court of Military Review would subscribe to my own view that the challenged passage in the confession was inadmissible against the accused before or after findings and regardless of his plea.

If, however, the court below determined that the evidence of uncharged misconduct would have been admissible in a contested case but automatically was rendered inadmissible for sentencing purposes in this case because of the accused's guilty pleas, then, like Judge Cox, I believe they were in error. Admissibility of such evidence is not governed by the pleas. Instead, it depends on whether the uncharged misconduct tends to establish aggravating circumstances that, however proved, would be admissible for sentencing purposes under the rules the President has prescribed for courts-martial; and, even then, the judge must perform the balancing task required by Mil.R.Evid. 403.

## III

Although I believe the military judge erred in admitting the challenged exhibit against Martin, I perceive no lingering prejudice as to his sentence, in light of the significant reduction in the sentence ordered by the convening authority. Accordingly, I join with Judge Cox in his disposition of the case.