**UNITED STATES, Appellant,**

v.

**Benjamin SILVA, Staff Sergeant U.S. Air Force, Appellee.**

No. 50,640.
ACM 24268.

U.S. Court of Military Appeals.

Feb. 17, 1986.

For the United States: *Colonel Kenneth R. Rengert* and *Captain Kevin L. Daugherty* (on brief); *Colonel Andrew J. Adams, Jr.*

For the Accused: Colonel Leo L. Sergi and Major William H. Lamb (on brief).

*Opinion*

COX, Judge.

In this case, the Judge Advocate General of the Air Force has certified the following question:

WAS THE AIR FORCE COURT OF MILITARY REVIEW CORRECT IN HOLDING THAT EVIDENCE OF UNCHARGED MISCONDUCT, NORMALLY ADMISSIBLE IN A CONTESTED CASE, IS INADMISSIBLE WHEN THE ACCUSED PLEADS GUILTY?

We hold that the court below was incorrect, and we reverse.

The accused pleaded guilty to two specifications of committing lewd and lascivious acts upon different girls under the age of sixteen, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. A stipulation of fact prepared in conjunction with a pretrial agreement contained the information that, during one of the acts, the accused stated to the victim that he had performed the same act on numerous other girls. In addition, the stipulation recited that, during the other act, the accused told the victim that he had performed the same act on a third girl in the neighborhood and that she had enjoyed it. Apparently, these statements were made to convince the girls that the acts were proper and, thus, prevent their reporting of them.

Despite the accused's offer to plead guilty and his participation in the stipulation of fact, the defense objected to the use of these statements of uncharged misconduct during sentencing. The military judge overruled the objection and permitted the evidence to be published to the court-martial. The Court of Military Review concluded that admission of the evidence of uncharged misconduct was error and reassessed the sentence, reiterating their holding in *United States v. Keith*, 17 M.J. 1078 (1984), *certificate dismissed*, 21 M.J. 407 (1986), "that where a guilty plea

has been accepted evidence of this type is never admissible as it has no purpose other than to show the accused is a bad person." Unpublished opinion at 3.

In the first place, the fact that sentencing evidence shows an accused to be a "bad person" is not in itself a basis for objection. *United States v. Martin*, 20 M.J. 227, 230 n. 4 (C.M.A.1985). Further, we have rejected the rationale that evidence of uncharged misconduct is *ipso facto* inadmissible in a case in which an accused has pleaded guilty. *Id.* at 230. *Cf. United States v. Vickers*, 13 M.J. 403 (C.M.A.1982).

Here, Silva's contemporaneous statements were an integral part of his criminal course of conduct and served to explain how he attempted to carry out his scheme. As such, they were "directly related to the offense for which ... [the accused was] to be sentenced" and necessary "so that the circumstances surrounding that offense or its repercussions ... [might] be understood by the sentencing authority." *United States v. Vickers, supra* at 406. Thus the evidence of his statements was admissible in aggravation of the offense charged. Para. 75b (3), Manual for Courts-Martial, United States, 1969 (Revised edition). Whether the "probative value" of this evidence in a sentencing context "is substantially outweighed by the danger of unfair prejudice" (Mil.R.Evid. 403) is a matter better resolved by the lower courts. Art. 66(c), UCMJ, 10 U.S.C. § 866(c). Accordingly, the certified question is answered in the negative.

The decision of the United States Air Force Court of Military Review as to sentence is set aside; the record of trial is returned to the Judge Advocate General of the Air Force for resubmission to that court for further review of the sentence.

EVERETT, Chief Judge (concurring in the result).

On the basis of the rationale expressed in my separate opinion in *United States v. Martin*, 20 M.J. 227, 231 (C.M.A.1985), I concur in the result reached by Judge Cox in answer of the certified question.

The challenged evidence apparently addressed Silva's attempt to persuade the girls not to report his acts. I am not convinced this evidence was very important in adjudging an appropriate sentence. On the other hand, there is a human risk here that the court-martial members—at least, subconsciously—will "punish" the accused for this uncharged misconduct. Accordingly, the military judge here bore a serious responsibility under Mil.R.Evid. 403 to weigh the probative value of this evidence against the danger of unfair prejudice to the accused, and reviewing authorities shoulder a corresponding responsibility to ensure that the military judge did not abuse his discretion in this regard.

Because this case now will be returned to the Court of Military Review for further consideration in light of our resolution of the certified issue, I shall defer at this time to that court's consideration of the appropriate balance under Mil.R.Evid. 403.