**UNITED STATES, Appellee,**

v.

**Specialist Four Jay E. ANDERSON, 547–27–7931, United States Army, Appellant.**

**ACMR 8700548.**

U.S. Army Court of Military Review.

6 Jan. 1988.

For Appellant: Captain Ralph L. Gonzalez, JAGC (argued); Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC (on brief).

For Appellee: Captain Mark E. Frye, JAGC (argued); Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC (on brief).

Before FELDER, GILLEY, and ROBBLEE, Appellate Military Judges.

OPINION OF THE COURT

ROBBLEE, Judge:

The appellant was tried by a military judge sitting as a general court-martial at Fort Hood, Texas. Pursuant to his pleas, he was convicted of wrongful distribution of marijuana in violation of Article 112a, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 912a (Supp II 1984). The appellant was sentenced to a bad-conduct discharge, confinement for ten months, forfeiture of all pay and allowances, and reduction to the grade of Private E–1. In consonance with the provisions of the pretrial agreement, the convening authority approved the sentence as adjudged but suspended confinement in excess of nine months for a period of six months.

The appellant asserts that the military judge erred by admitting, over his objection, the testimony of three government witnesses during the sentencing phase of his court-martial.[1] We disagree.

THE IMPROPER AGGRAVATION TESTIMONY OVER APPELLANT'S OBJECTION WAS

---

1. The appellant styled his assignment of error as follows:

The appellant and another soldier were co-accused in the wrongful distribution of marijuana offense of which the appellant was convicted. As a result, the appellant was called as a witness in the Article 32, UCMJ, investigation of the charges against his co-actor. When the appellant left the witness waiting room to provide his testimony to the investigating officer, he directed threatening words and gestures towards three other waiting witnesses—the confidential informant, the military police investigator, and a special agent of the local criminal investigation command whose testimony was crucial to successful prosecutions in both cases. The admissibility of the testimony of these witnesses at the appellant's court-martial relative to the foregoing misconduct is here at issue.

▆▆▆ Evidence of uncharged misconduct admissible on findings in accordance with Manual for Courts–Martial, United States, 1984, Military Rule of Evidence [hereinafter M.C.M., 1984 and Mil.R.Evid., respectively] 404(b)[2] is not rendered inadmissible by an accused's plea of guilty. *United States v. Martin*, 20 M.J. 227 (C.M. A.1985), *cert. denied*, — U.S. —, 107 S.Ct. 323, 93 L.Ed.2d 295 (1986). If, however, evidence in aggravation is to be admissible at sentencing, it must: (a) be relevant to prove or disprove facts pertinent to sentencing; (b) if relevant, then such matter must be admissible incident to a pertinent military rule of evidence *or*, as here, admissible under a less stringent sentencing rule; and (c) if otherwise admissible, the evidence must be tested against the standard of Mil.R.Evid. 403 to determine whether its probative value is substantially outweighed by its potential for unfair prejudice. *United States v. Martin*, 20 M.J. at 230 n. 5. Alternatively, the evidence is

admissible at sentencing if an accused's motive or state of mind tends to "aggravate" the offense and is otherwise admissible at sentencing, *i.e.*, it is admissible under a rule of sentencing and not violative of Mil.R.Evid. 403. *United States v. Martin*, 20 M.J. at 232 (Everett, C.J., concurring in result).

▆▆▆ Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial [hereinafter R.C.M.] 1001(b)(4) pertinently provides that "[t]he trial counsel may present evidence as to any aggravating circumstances *directly relating to or resulting from* ... the offenses of which the accused has been found guilty." (emphasis added). We note that there would not have been occasion for the appellant's threatening words and gestures absent the commission of the offense and the Article 32 investigation.[3] Thus, it is self-evident that such misconduct related directly to and resulted from the offenses of which the appellant had been convicted within the meaning of R.C.M. 1001(b)(4). As such, the testimony which the appellant sought to bar at trial was relevant to prove facts pertinent to sentencing and admissible.

Further, an accused's attitude toward the offense of which he has been convicted is directly related to that offense and relevant to fashioning a sentence appropriate to both the offense and the offender. *United States v. Wright*, 20 M.J. 518, 520 (A.C.M. R.), *petition denied*, 21 M.J. 309 (C.M.A. 1985); *United States v. Pooler*, 18 M.J. 832, 833 (A.C.M.R.), *petition denied*, 19 M.J. 317 (C.M.A.1985). In this regard, we infer from the appellant's menacing acts that his attitude as to the offense was both willful and remorseless. That is, if after the offense, he could seek to chill the testimony of the principal witnesses against

---

ERROR AS SUCH INFORMATION WAS BEYOND THE SCOPE OF R.C.M. 1001(b)(4) AND ACTED TO UNREASONABLY PREJUDICE APPELLANT.

**2.** Mil.R.Evid. 404(b) pertinently provides that "[e]vidence of other crimes, wrongs, or acts ... may ... be admissible ... [to prove] motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

**3.** The complained of words and gestures would have been admissible on the merits, as evidence of consciousness of guilt under Mil.R.Evid. 404(b), *United States v. Stark*, 19 M.J. 519, 526 (A.C.M.R.1984), *petition granted on other grounds*, 21 M.J. 84 (C.M.A.1985), as well. Admissibility analysis, however, is in the alternative. In the instant case it proceeds under the pertinent sentencing rule—R.C.M. 1001(b)(4).

him by threats of harm to their loved ones and the equivalent of death, it may be inferred that he committed the offense willfully and with wanton disregard for the consequences of his actions and the law. In this same sense, the appellant's state of mind as to the offense is established.

Since we view the evidence as having particular significance in judging the appellant's potential for rehabilitation and the danger he represented to society, we resolve the Mil.R.Evid. 403 balancing test against the appellant and conclude that the evidence was properly admitted. Accordingly, we deem appellant's claim of error to be without merit.

The findings of guilty and the sentence are affirmed.

Judge GILLEY concurs.

FELDER, Senior Judge, concurring:

I concur with the majority. Aggravation evidence is not limited to matters that flow directly from the perpetration of a crime, such as the nature and extent of injuries suffered by an assault victim. It also may include evidence that develops as a consequence of one being charged with the crime. It seems to me that since perjury by an accused, who testified at his trial, may be considered as a factor that reflects adversely on his repentance and potential for rehabilitation, *United States v. Cabebe,* 13 M.J. 303 (C.M.A.1982); *United States v. Warren,* 13 M.J. 278 (C.M.A.1982), then too should evidence of witness tampering be considered on sentencing for the same reasons. Obviously, appellant wanted to either terrify the witnesses so they would not testify or influence their testimony in his favor. In any event, like a perjurer, he intended to subvert the truth-finding function of the court.

Furthermore, the attempt to intimidate potential witnesses, who were to testify as to the guilt of appellant, is a matter directly related to and resulting from the referral of the charge against appellant. Therefore, when appellant was convicted of the charge pertinent to the witnesses' testimony, evidence of threats against them qualified for admissibility pursuant to the Man-

ual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1001(b)(4).