**UNITED STATES**

v.

**John A. LYNOTT, Seaman, U.S. Coast Guard.**

**CGCMS 23922. Docket No. 924.**

U.S. Coast Guard Court of Military Review.

June 23, 1989.

Trial Counsel: LCDR C.J. Bennardini, USCG.

Defense Counsel: LT N.E. Grasselli, USCG.

Appellate Government Counsel: CDR R. Buckingham, USCG.

Appellate Defense Counsel: LCDR James Collin, USCG.

Assistant Appellate Defense Counsel: LT David Sump, USCG.

Before PANEL ONE, BAUM, BRIDGMAN and JOSEPHSON, Appellate Military Judges.

BAUM, Chief Judge:

Appellant, in accordance with a pretrial agreement, pled guilty at a special court-martial to one specification of cocaine use and two specifications of cocaine distribution, all in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a. After conviction pursuant to those pleas, he was sentenced by the military judge to a bad conduct discharge, confinement for two months, forfeiture of $100.00 per month for 6 months and reduction to E–1. The convening authority approved that sentence as within the punishment limitations of the plea bargain. Before this Court, appellant has assigned the following as error:

THE MILITARY JUDGE WAS IMPROPERLY INFLUENCED BY REPEATED EVIDENCE OF UNCHARGED MISCONDUCT ELICITED BY HIMSELF AND TRIAL COUNSEL DURING THE PRE-SENTENCING HEARING RESULTING IN A SENTENCE BASED ON THIS UNCHARGED MISCONDUCT.

Appellant complains of testimony from an undercover agent recounting the facts surrounding the cocaine use and one of the distribution offenses of which appellant had been convicted. He notes with particular concern testimony relating to a statement he had made to that agent on the way back to Governor's Island after the transaction occurred, indicating that appellant "was it as far as supplying drugs for Governors Island, and that he could get anything that he wanted." Record of trial at 52. Appellant also challenges a narrative response from the undercover agent elicited by the judge which indicated that appellant solicited and possessed drugs in Greenwich Village that evening before the two charged offenses of use and distribution occurred. Appellant also objects to testimony from another witness concerning the purchase of the cocaine involved in the other distribution offense.

In response to appellant's assertions, we first note, in agreement with the government's observations, that the Court of Military Appeals has made it clear that evidence of uncharged misconduct is not *ipso facto* inadmissible in a guilty plea case. *United States v. Silva*, 21 M.J. 336 (CMA 1986). The test for admissibility of such evidence was set out succinctly by Judge Cox in *United States v. Martin*, 20 M.J. 227 (CMA 1985). He said that if the evidence tends to prove or disprove the existence of a fact or facts permitted by the Manual for Courts–Martial sentencing rules and is otherwise admissible under either the Military Rules of Evidence or the more relaxed rules for sentencing, then it may be properly considered in assessing punishment. *Id.* at 230, footnote 5.

Sentencing rules are found in Rule for Courts–Martial 1001 where subsection (b)(4) specifically states that: "trial counsel may present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty." Appellant contends that the complained of testimony did not directly relate to nor result from the events surrounding the charges. Instead, he says it was "solely to put before

the military judge information that appellant frequently supplied drugs to persons on Governors Island, information that was not evident from the charges charged and pled to." Brief on behalf of appellant at page 8.

To the contrary, the following assessment by the government of that evidence as being directly related to appellant's crimes of cocaine distribution and use accords with our views:

—that he acted in concert with another military member (RM3 Ryan) to procure drugs for a third military member (RM3 Johnston);

—that all three of them were stationed aboard Governors Island;

—that the cocaine was introduced to a military base and that the distribution/transfer to RM3 Johnston took place in the barracks;

—that his and Ryan's involvement with and attitude towards drugs was so casual and obvious to shipmates that a third person, such as RM3 Johnston, would feel comfortable simply asking them to get her some cocaine;

—that he would be so open and casual about drug use with a person he met aboard Governors Island and believed to be the cousin of a fellow shipmate, even to the point of agreeing to procure some cocaine for him;

—the ease with which he was able to facilitate and execute these drug transactions with his contacts in Brooklyn, even to the point of him being known by his first name by at least one such contact;

—the fact that he held himself out as being 'it' as far as supplying drugs for Governors Island; and,

—the central role he caused Governors Island (a U.S. military base) to play in these episodes of drug distribution and use: as a jumping off point to go get drugs, as a place to introduce & transfer drugs, and as a place to return to immediately after using drugs.

Appellate Government Counsel's brief at 5. From his observations in *United States v. Martin, supra,* it would appear that Chief Judge Everett would also find such evidence proper for sentencing. In his separate opinion in *United States v. Martin, supra,* Chief Judge Everett said:

Evidence of an accused's motive or other state of mind often serves a proper and useful function during the sentencing phase of a trial, for it may show aggravating or mitigating circumstances of the charged offenses. *Cf.* para. 75, Manual for Courts–Martial, United States, 1969 (Revised edition). To illustrate, in a drug-distribution case, it will help the sentencing authority to learn whether the accused distributed the drug to a friend as a favor or whether he did so as part of a large business that he operated. Accordingly, just as the Government may offer evidence of prior misconduct to establish motive, intent, or other state of mind where relevant to guilt or innocence, *see* Mil.R.Evid. 404(b), it may offer such evidence for sentencing purposes to the extent that the accused's state of mind is an aggravating circumstance that may be considered by the sentencing authority.

*United States v. Martin,* 20 M.J. at 232. This view is further confirmed in *United States v. Wingart,* 27 M.J. 128 (CMA 1988) where Chief Judge Everett said:

Clearly, uncharged misconduct will often be admissible as evidence in aggravation under this Rule. [R.C.M. 1001(b)(4)] The uncharged misconduct may be admitted because it is preparatory to the crime of which the accused has been convicted —*e.g.,* an uncharged housebreaking that occurred prior to a larceny or rape. It may accompany the offense of which the accused has been convicted—*e.g.,* an uncharged aggravated assault, robbery, or sodomy incident to a rape. It may follow the offense of which the accused has been convicted—*e.g.,* a false official statement concealing an earlier theft of government property.

*Id.* at 135.

Having determined the evidence in this case meets the Manual for Courts–Martial requirement for "aggravating circumstances", the primary test for admissibility has been met, for, again, quoting from Chief

Judge Everett in *Wingart, supra:* "uncharged misconduct is not admissible, unless it constitutes 'aggravating circumstances' within the purview of R.C.M. 1001(b)(4)." *Id.* at 136.

We turn now to the last test for admissibility, the balancing test under Military Rule of Evidence 403. Among other factors not present here, that rule provides for exclusion of otherwise relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice. As pointed out in *United States v. Martin,* 20 M.J. at 229, the Rule 403 balancing of probative value against unfair prejudice applies to evidence received during sentencing just as it does before findings. While the military judge did not expressly state that he weighed probative value against unfair prejudice in determining admissibility, it appears to us from his rulings that of necessity he must have done just that before determining admissibility. We draw this conclusion just as Judge Cox did in *United States v. Martin, supra,* when he said: "It appears that, consciously or not, the military judge was performing the balancing test required by Mil.R.Evid. 403." *Id.* at 230. We, too, have balanced these competing interests and are convinced that the probative value of the evidence far outweighed any possible unfair prejudice.

Finally, it is clear to this Court that the military judge did not depart from his impartial role as asserted by appellant. The questioning of witnesses by the judge here was entirely proper and authorized by the Manual for Courts–Martial just as the actions of the judge in *United States v. Wingart, supra,* were correct in obtaining court exhibits for sentencing purposes. The resultant sentence in this case, as imposed by the judge, was not only well below the maximum authorized, it was less than that agreed upon by the accused in his plea bargain. Under no circumstances could the adjudged sentence be termed excessive for the offenses of use and distribution of cocaine.

For all of the foregoing reasons, we deem appellant's asserted error to be without merit after review of the record of trial and the written briefs. Accordingly, oral argument requested by the government is not considered necessary and is denied. The findings of guilty and sentence, as approved below, are affirmed.

Judges BRIDGMAN and JOSEPHSON concur.