UNITED STATES

v.

Steven M. CLARK, Seaman, U.S. Coast Guard.

CGCM 0029.

U.S. Coast Guard Court of Military Review.

10 Aug. 1990.

Trial Counsel: LCDR Lawrence I. Kiern, USCGR.

Detailed Defense Counsel: LT Sherry Jo Letexier, JAGC, USN.

Individual Military Counsel: CAPT John German, USA.

Appellate Government Counsel: LCDR Michael J. Devine, USCG.

Appellate Defense Counsel: CDR Terrance M. Edwards, USCG.

Before Panel One, BAUM, BRIDGMAN and SHKOR, Appellate Military Judges.

BAUM, Chief Judge:

Appellant pled guilty to various offenses in accordance with a pretrial agreement and, pursuant to those pleas, was convicted by a general court-martial, judge alone, of ten specifications of wrongful use of marijuana, one specification of failure to obey a lawful general regulation by wrongfully failing to report unauthorized drug use, one specification of assault consummated by a battery, and two specifications of wrongful solicitation of another to commit the offense of wrongful use of marijuana, in violation of Articles 112a, 92, 128 and 134 of the Uniform Code of Military Justice, (UCMJ), 10 USC §§ 892, 912a, 928, 934. Appellant was sentenced to be reduced to pay grade E–1, to forfeit all pay and allowances, to be confined for two years, and to be discharged from the U.S. Coast Guard with a bad conduct discharge. The convening authority approved the bad conduct discharge and reduction to E–1,

but reduced the confinement to seventeen months and the forfeitures to $600.00 per month for twelve months. He then suspended for twelve months all confinement in excess of eleven months. In so doing, the convening authority's action fell within the terms of the pretrial agreement.

Before this court, appellant has assigned the following errors, which have been briefed and orally argued:

## I

THAT APPELLANT'S PLEA OF GUILTY TO CHARGE II, SPECIFICATION 1, VIOLATION OF ARTICLE 92, UCMJ, FOR FAILURE TO OBEY A LAWFUL GENERAL REGULATION, WAS IMPROVIDENT BECAUSE THE SPECIFICATION FAILED TO STATE AN OFFENSE;

## II

THAT APPELLANT'S PLEAS OF GUILTY TO CHARGE IV, SPECIFICATIONS 1 AND 2, VIOLATION OF ARTICLE 134, UCMJ, SOLICITATION OF ANOTHER TO COMMIT AN OFFENSE, WERE IMPROVIDENT BECAUSE THE MILITARY JUDGE FAILED TO ESTABLISH APPELLANT'S SPECIFIC INTENT THAT THE SOLICITED OFFENSE ACTUALLY BE COMMITTED;

## III

THAT THE MILITARY JUDGE COMMITTED PREJUDICIAL ERROR BY ALLOWING TWO GOVERNMENT WITNESSES TO TESTIFY AS TO THE REHABILITATIVE POTENTIAL OF APPELLANT BASED SOLELY UPON THE NATURE OF APPELLANT'S OFFENSES AND AS PART OF THE GOVERNMENT'S CASE IN AGGRAVATION PURSUANT TO RCM 1001(b)(5);

## IV

THAT THE MILITARY JUDGE ERRED IN ADMITTING INSTANCES OF UNCHARGED MISCONDUCT DURING THE PRESENTENCING PHASE OF APPELLANT'S TRIAL.

### Assignments of Error I and II

We find that specification 1 of Charge II properly alleges an offense. Furthermore, the inquiry by the judge elicited answers from the accused which adequately establish the providence of the guilty pleas. Accordingly, Assignment of Error I is rejected. Assignment II is also rejected because the necessary specific intent was established sufficiently during the providence inquiry.

### Assignment of Error III

■ In Assignment III, appellant, citing *U.S. v. Horner*, 22 MJ 294 (CMA 1986); *U.S. v. Ohrt*, 28 MJ 301 (CMA 1989); *U.S. v. Gunter*, 29 MJ 140 (CMA 1989); and *U.S. v. Claxton*, 29 MJ 667 (CGCMR 1989), contends that the judge committed prejudicial error by allowing testimony from two government witnesses concerning appellant's rehabilitative potential as part of the government's case in aggravation. Appellant submits that the cited cases establish a rule that such testimony may not be based simply on the offenses committed rather than the accused's character and potential for further service. Furthermore, he has relied upon this Court's decision in *U.S. v. Claxton, supra,* for the proposition that government testimony concerning an accused's potential for rehabilitation may not be presented unless it is in rebuttal to matters presented by the defense. This latter issue has been certified to the U.S. Court of Military Appeals by the General Counsel, Department of Transportation, in his capacity as Judge Advocate General of the United States Coast Guard. Accordingly, the continued viability of that particular proposition is subject to determination by the U.S. Court of Military Appeals. As a result, we will look to appellant's other argument as to the inadequate foundation for the opinions concerning rehabilitative potential, rather than relying on a rule which is undergoing review by our highest Court.

The first witness, who was the Deputy Group Commander, Group Port Angeles, Washington, admitted to barely knowing appellant and to having met him for the first time only after offenses had been alleged against appellant. Despite his lack of familiarity with the accused, the witness was allowed to testify, over objection by the defense, that he did not believe the accused had potential for rehabilitation. Moreover, in explanation, he made it clear that the long term series of offenses provided the real basis for that opinion.

Under the terms of *U.S. v. Ohrt, supra,* we believe it was error to allow such testimony and also error to deny the defense motion to strike the testimony once it was given. Despite these errors, we are confident that the judge properly discounted this witness's testimony when deliberating on sentence. The military judge was well aware of *U.S. v. Ohrt, supra,* having recessed the trial so he and counsel could become familiar with the decision which had just been issued and was unknown to counsel. After allowing counsel further argument on the admissibility of an opinion on rehabilitative potential, the military judge set out his understanding of *U.S. v. Ohrt, supra,* and acknowledged the weak foundation for the Deputy Group Commander's opinion. However, the military judge found the basis sufficient to convert the issue to one of weight as opposed to admissibility and indicated that he would accord the testimony an appropriate weight. Record of Trial at 49 and 50. Thereafter, he further elaborated upon this subject when all examination of the witness had been completed by saying:

I think that, you know, it's good to keep in mind the parameters we're dealing with regard to rehabilitative potential, these witnesses testimony is not dispositive on the point, the court makes those decisions and of course rehabilitative potential is simply one of several factors to be considered and with that in mind and eliciting that information in a tidy efficient way is a goal to be chased, I think.

Record of Trial at 58.

Based on the express statements concerning his interpretation of *U.S. v. Ohrt,*

*supra,* we believe the judge undoubtedly applied the principles of that case to the sentence-deliberation process in this trial without members. Accordingly, we consider the error harmless under the circumstances of this case.

The second witness was the accused's Executive Petty Officer who also testified concerning the accused's rehabilitative potential. We deem appellant's failure to object to this testimony to constitute waiver of any error. We will leave to the U.S. Court of Military Appeals for clarification when it addresses the issues in *U.S. v. Claxton, supra,* the question of whether the *Ohrt* prohibitions are limited only to rehabilitation testimony from commanding officers, as contended by the government.

*Assignment of Error IV*

■ In Assignment IV, appellant contends that the military judge erred in admitting instances of uncharged misconduct during the presentencing phase of trial and that the sentence should be reduced substantially to correct these errors. We disagree, viewing the evidence of misconduct cited by appellant as meeting the various tests for admissibility set out in *U.S. v. Lynott,* 28 MJ 918 (CGCMR 1989). In any event, the judge made it clear that when deliberating on the sentence he would consider that evidence as pertinent only to the circumstances surrounding the offenses, not as uncharged misconduct. *See,* e.g. Record of Trial at 64 and 77. Accordingly, we deem any possible error in this regard as harmless.

Despite our determinations that any errors committed by the judge under Assignments III and IV were harmless, there is a possibility that others might disagree. Accordingly, since our determinations are not necessarily the final word on these matters, we will reassess the sentence in light of these asserted errors to purge any possible prejudicial effect. Applying the tests set out in *U.S. v. Sales,* 22 MJ 305 (CMA 1986), and *U.S. v. Suzuki,* 20 MJ 248, 249 (CMA 1985), we are convinced that the sentence adjudged was no greater than

that which would have been imposed if prejudicial error were not committed. Having reassessed the sentence from this perspective, we will next evaluate the sentence pursuant to our responsibility under Article 66, UCMJ, 10 USC § 866 to assure that the punishment is appropriate for both the offenses and the accused. Viewed in this light, we believe the sentence to be appropriate and should be approved. Accordingly, the findings of guilty and sentence as approved and partially suspended below are affirmed.

Judges BRIDGMAN and SHKOR concur.