# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Randolph L. GOMEZ
### Storekeeper Third Class (E-4), U.S. Coast Guard

## CGCMG 0225

## Docket No.  1276

## 6 June 2008

General Court-Martial convened by Commander, Maintenance and Logistics Command Atlantic. Tried at Norfolk, Virginia, on 27 September 2006.

| | |
|---|---|
| Military Judge: | CAPT Brian M. Judge, USCG |
| Trial Counsel: | LT Anthony S. Simpson, USCGR |
| Defense Counsel: | LT Cheryl R. Ausband, JAGC, USN |
| Assistant Defense Counsel: | LT Justin C. Henderson, JAGC, USN |
| Appellate Defense Counsel: | LT Lynn R. S. Capuano, USCGR[1] |
| | LCDR Necia L. Chambliss, USCGR[2] |
| Assistant Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG[3] |
| | LT Robert M. Pirone, USCGR[4] |
| Appellate Government Counsel: | LT Ronald B. Seely, USCGR |

## BEFORE
## McCLELLAND, KANTOR & LODGE
Appellate Military Judges

LODGE, Judge:

Appellant was tried by general court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of violating a lawful general order, in violation of Article 92, Uniform Code of Military Justice (UCMJ); one specification of unauthorized absence, in violation of Article 86, UCMJ; and one specification of obstruction of justice, in violation of Article 134, UCMJ.  The

---

[1] LT Capuano filed the briefs and remained as lead appellate defense counsel until she departed on terminal leave.
[2] LCDR Chambliss was designated as lead appellate defense counsel on 13 August 2007.
[3] LCDR Truax remained as assistant appellate defense counsel until she departed on terminal leave.
[4] LT Pirone was designated as assistant appellate defense counsel on 13 August 2007.

military judge sentenced Appellant to a bad-conduct discharge, confinement for twenty-four months, forfeiture of all pay and allowances, and reduction to E-1. The Convening Authority approved the sentence as adjudged. The pretrial agreement had no effect on the adjudged sentence.

Before this Court, Appellant has assigned the following five errors:

I.  Appellant's adjudged sentence is inappropriately severe.

II.  The military judge committed plain error by admitting and considering trial counsel's improper argument on sentencing.

III.  Appellant's plea to Charge I was improvident because the military judge failed to elicit facts sufficient to establish all elements of the offense in support of a plea of guilty.

IV.  This Court should consider the Coast Guard's failure to regularly contact Appellant as required by Coast Guard Personnel Manual, COMDTINST M1000.6A, in determining the sentence that should be approved.

V.  Appellant's record of trial contains Amendment No. 1 to Convening Order No. 01-2006, dated 7 July 2006, in error.

We summarily reject the third assigned error. We address and reject Appellant's other assignments of error. We find the findings and sentence to be correct in law and fact and affirm.

**Facts**

Appellant enlisted in the Coast Guard on 7 January 1985, and advanced to the rank of E-6 within the Storekeeper rating. Appellant was demoted to E-4 and awarded ten days' confinement at a special court-martial on 9 June 2004 after being found guilty of one specification of violating Article 92, UCMJ, for failure to obey a general order. The conduct at issue at the 2004 court-martial was the viewing of pornography on the Coast Guard standard workstation on divers occasions between May 2002 and February 2003.

In late 2004, Appellant, now an E-4, was stationed at Maintenance and Logistics Command Atlantic (MLCLANT), and was assigned to stand duty on the Logistics Command Center watch. Appellant was assigned to stand either an eight- or twelve-hour watch, and

usually stood the overnight shift. While on watch, Appellant had access to the internet via the Coast Guard standard workstation. While on watch on 7 December 2004, Appellant's internet activity resulted in the generation of a "Surf" report, which reported internet access by Appellant of websites categorized as "Adult/Sexually Explicit." Over the next five months, from December 2004 through April 2005, more than 600 new Surf reports were generated, indicating that Appellant accessed more than 2000 websites categorized as "Adult/Sexually Explicit." These websites had titles that included words such as "lolitas," "webcamteens," and "sexxxteens," among others. On 22 January 2005, Appellant used a web search engine to search for websites containing the terms "preteen models," "lolitas," and "child modeling."

During an interview with Coast Guard Investigative Service (CGIS) agents on 29 June 2005, Appellant admitted to viewing, both at home and at work, adult pornography images and images of what he believed to be children engaged in sexually explicit acts or in sexually explicit poses. Following this interview, in fear that CGIS would find child pornography on his home computer, Appellant departed his workplace without authorization and intentionally destroyed his home computer hard drive.

## Severity of Sentence

Appellant asserts that the adjudged sentence is inappropriately severe. In support, Appellant cites to numerous child pornography-viewing cases where the adjudged sentence included confinement from as little as three months to no more than ten months. However, Appellant admits that there is no case closely related to Appellant's, but asks this Court to engage in a form of case comparison nonetheless.

This court has a statutory duty to review the appropriateness of a sentence and to approve only a sentence that, in view of the entire record, is fair and just. Article 66(c), UCMJ; *United States v. Healy*, 26 M.J. 394, 395-96 (C.M.A. 1988). We are to "utilize the experience distilled from years of practice in military law to determine whether, in light of the facts surrounding [the] accused's delict, his sentence was appropriate." *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999) (*quoting United States v. Olinger*, 12 M.J. 458, 461 (C.M.A. 1982)). Furthermore, this Court is "not required . . . to engage in sentence comparison with specific cases

'except in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases.'" *Id.* at 288 (*quoting United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985)). We are unaware of any closely-related case to Appellant's, where the accused faced charges following a previous court-martial for similar misconduct.

After careful consideration of the entire record, the seriousness of Appellant's offenses, and his military service, we independently conclude that the sentence is appropriate for this offender and his offenses. *See United States v. Baier*, 60 M.J. 382, 384-85 (C.A.A.F. 2005); *Healy*, 26 M.J. at 395; *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A.1982).

## Improper Argument

Appellant asserts that trial counsel's argument during sentencing before the military judge sitting alone was improper because it violated Rule for Courts-Martial (R.C.M.) 1001(b)(4), Manual for Courts-Martial, United States (2005 ed.). We disagree.

The standard for determining the appropriateness of an argument is whether the argument was erroneous and whether it materially prejudiced the substantial rights of the accused. *United States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000). Where the defense fails to object to an improper argument, the court will grant relief only if the improper argument amounts to plain error. *United States v. Gilley*, 56 M.J. 113, 123 (C.A.A.F. 2001).

On three occasions during argument on sentencing, trial counsel made reference to evidence of child pornography on Appellant's personal computer as motive for Appellant's destruction of his personal hard drive. This evidence was properly before the military judge in the merits phase of the trial, in that Appellant clearly indicated in his stipulation of fact as well as in response to questions by the military judge during the providence inquiry that he believed there was child pornography on his home computer and that he had viewed child pornography. We believe the evidence falls within the definition of aggravation evidence under R.C.M. 1001(b)(4), relating to the charge of obstruction of justice under Article 134, UCMJ. The evidence clearly is permissible aggravation since it directly relates to that charged offense, of

which Appellant was found guilty.  *See United States v. Silva*, 21 M.J. 336, 337 (C.M.A. 1986). We believe trial counsel's argument was fair comment, and there was no error.

Even if the argument was improper, plain error before a military judge sitting alone is rare; military judges are presumed to know the law, apply it correctly and disregard improper argument, if any exists.  *See United States v. Raya*, 45 M.J. 251, 253-254 (C.A.A.F. 1996).

### Failure to Regularly Contact Appellant in Brig

Appellant asks this court to reassess his sentence in light of the assertion that the Coast Guard failed to conduct monthly visits or other contact to Appellant in the Navy brig as required under the Coast Guard Personnel Manual.  "Where the circumstances surrounding a prisoner's complaint are 'unusual or egregious,' we believe it is clear that our Court can consider such matters without requiring the exhaustion of all avenues of administrative appeal."  *United States v. Ouimette*, 52 M.J. 691, 696 (C.G.Ct.Crim.App. 2000) (*citing United States v. Coffey*, 38 M.J. 290, 291 (C.M.A. 1993)).  In the instant case, while we do not condone the lack of monthly command contact as required by a Coast Guard instruction, such circumstances do not rise to the level of "unusual or egregious," and we decline to provide relief absent Appellant exhausting his administrative remedies, including the submission of an Article 138, UCMJ, complaint.

### Extraneous Convening Order Amendment in Record

Appellant points out that the record of trial erroneously contains Amendment No. 1 to Convening Order No. 01-2006, dated 7 July 2006.  The amendment, by its terms, applies to a different case.  The Government concedes this error.

We order that Amendment No. 1 to Convening Order No. 01-2006 dated 7 July 2006 be removed from the Record of Trial.

### Decision

We have reviewed the record in accordance with Article 66, UCMJ.  Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved.  Accordingly, the findings of guilty and the sentence, as

approved below, are affirmed.  Appropriate authority shall remove Amendment No. 1 to Convening Order No. 01-2006.

Chief Judge McClelland and Judge Kantor concur.



For the Court,


Jane R. Lee
Clerk of the Court