**UNITED STATES, Appellee,**

v.

**Anibal GARCIA, Jr., Lance Corporal,
U.S. Marine Corps, Appellant.**

No. 46085.
NMCM 82 1385.

U.S. Court of Military Appeals.

Dec. 23, 1985.

For Appellant: *Daniel M. Schember,* Esquire and *Commander David C. Larson,* JAGC, USN (on brief); *Major Joseph M. Poirier,* USMC.

* *Petition granted,* 17 M.J. 28 (1983).

For Appellee: *Captain W. J. Hughes,* JAGC, USN, and *Lieutenant Ronald S. Wasilenko,* JAGC, USNR (on brief).

*Opinion of the Court*

PER CURIAM:

Contrary to his pleas, appellant was found guilty, *inter alia,* of 15 violations of Fleet Marine Force Pacific Order 5800.6, which prohibited collection of interest at an annual rate higher than 12 percent. *See* Article 92, Uniform Code of Military Justice, 10 U.S.C. §§ 892. However, under Article 1132.1 of U.S. Navy Regulations then in effect, the permissible annual interest ceiling had been set at 18 percent. Pointing to Article 1201, U.S. Navy Regulations, 1973, which states that "orders ... shall not be issued within the Department of the Navy which conflict with, alter or amend any provision of Navy Regulations," appellant contends that the variation between the two interest-rate ceilings operates, as a matter of law, to invalidate the Order under which he was prosecuted so that his conviction was improper.* We disagree.

■ The lower ceiling of 12 percent set out in the Order implicitly contradicts the Navy Regulation only in that one respect. To the extent of such a conflict, whether expressed or implied, the Navy Regulation displaces the Order; but in all other respects, the Regulation and the Order coexist because they are compatible. *Cf. United States v. Cowan,* 47 C.M.R. 519 (A.C.M. R.1973). Thus, the Order effectively prohibits charging interest above a certain rate—and that rate, due to application of the Navy Regulations, became 18 percent on the effective date of the amendment to the Navy Regulations.

■ Appellant was charged with receiving interest at rates far higher than 18

percent. The evidence regarding specification 7 is typical and shows that appellant loaned a fellow Marine $20.00 for which he was to receive $30.00 as repayment on pay day, about two weeks later. As to this transaction, and the others as well, the Order was in full effect; and appellant's conduct constituted infractions of that Order.

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.