UNITED STATES, Appellee,

v.

Private E1 Albert J. HALL, 347–66–7553, United States Army, Appellant.

ACMR 8701758.

U.S. Army Court of Military Review.

15 Nov. 1989.

For Appellant: Thomas G. Martin, Esquire (argued), Lieutenant Colonel Russell S. Estey, JAGC, Captain Patricia D. White, JAGC (on brief).

For Appellee: Major Gary L. Hausken, JAGC (argued), Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Richard D. Rubino, JAGC (on brief).

Before DeFORD, GILLEY and GIUNTINI, Appellate Military Judges.

### OPINION OF THE COURT
### ON REMAND

GILLEY, Judge:

On 17 February 1988, this court affirmed the findings of guilty of two specifications of wrongful distribution of cocaine, one specification of wrongful possession of cocaine, and four specifications of failure to repair in violation of Articles 112a and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 912a and 886 (1982 & Supp. II 1984). We also affirmed the sentence of a dishonorable discharge and total forfeitures, but we affirmed only fifteen of the thirty years of confinement, as appropriate in this case.

## I. *Uncharged Misconduct*

In his petition to the United States Court of Military Appeals, the appellant cited as additional error the following issue:

WHETHER TRIAL COUNSEL'S IMPROPER PRESENTATION OF INADMISSIBLE UNCHARGED MISCONDUCT DURING THE SENTENCING PHASE OF APPELLANT'S COURT-MARTIAL (IN VIOLATION OF RULE FOR COURTS-MARTIAL (R.C.M.) 1001) REQUIRES REASSESSMENT OF THE SENTENCE.

The Court of Military Appeals remanded the case to this court for consideration of this issue in view of new opinions of that court. 27 M.J. 400. Applying the principles announced in those opinions, we find that the trial counsel properly introduced the unauthorized absence, including escape from custody, but not the uncharged drug offenses.

### A. *Facts*

The appellant was tried *in absentia* following arraignment and other pretrial sessions at which the military judge informed the appellant that trial could proceed without him should the appellant voluntarily absent himself. At trial, the military judge determined that the appellant did voluntarily absent himself. The judge then instructed the court members not to speculate why the appellant was not at his trial. During the sentencing proceedings, the trial counsel presented evidence that the appellant's voluntary absence started with an escape from custody. The defense objected to any "statement" to the court members that the absence was "unauthorized," but that a statement indicating "voluntary" absence would not be objectionable. He further objected to "going into the basis for his absence," while he stated that he had no objection to using "that [voluntary absence] as evidence of lack of rehabilitative potential."

The military judge ruled as follows:

MJ  Mmm hmm. Well, in my view, sentencing authorities ... it's important for them to know in order to consider whether the accused is going to stay on the straight and narrow path in the future or in other words, whether he will transgress no more. Also, to be considered is the hope that the accused will respond to rehabilitation, and it's also important from (sic) the sentencing authority to take into account the degree to which an accused does or does not deem himself at war with society. I think those are three important considerations for sentencing authorities to know about, and I think that the fact that the accused went absent without leave a few days before his trial was set will shed light on all of those considerations.

TC  The Government will also intend to argue it shows lack of remorse.

MJ  Mmm hmm. So, I'm going to—presuming there's a conviction here, and we're not sure of that and maybe he'll be found not guilty, but presuming there's a conviction, I'm going to allow the Government to introduce evidence on sentencing that he is absent without leave, and the circumstances under which he went absent.

DC  I will simply stand by my objection, Your Honor.

After overruling an objection by the trial defense counsel to the trial counsel's intended introduction and use of uncharged misconduct, two soldiers not associated with the charged offenses testified in the sentencing proceedings that the appellant supplied them with cocaine on numerous occasions in the "summer and fall of 1986." One soldier testified that the appellant always did so for a monetary profit or some of the cocaine. The other soldier testified that the appellant introduced him to "rock cocaine [crack]," and provided it to him at least ten times. The witness also testified that appellant would want some of the cocaine each time he brought it to the witness during October and November 1986. The witness further stated that appellant said he could supply other persons with cocaine. The two wrongful distributions of cocaine of which the appellant was convicted occurred in December 1986. Those distributions were corroborated while evidence of the uncharged offenses was uncorroborated. In his argument on sentencing, the

trial counsel stated the following regarding the evidence of appellant's absence from the trial and uncharged distribution of cocaine:

TC   Well, we know he's not here and the Government would think that's important on sentencing.  We're not asking you to sentence him for not being here.  That is not what the Government is asking for.  What we're asking is that you consider it for purposes of rehabilitation.  It shows, the Government believes, a lack of remorse for his crimes and a lack of rehabilitative potential, in that he's not willing to face up to his punishment here today.

Again, I want to reiterate, we're not asking to punish him for not being here, but we're asking you to take that into account as showing a lack of rehabilitation, and just a need for greater punishment to rehabilitate him.

Also, you've got evidence of other drug deals by the accused to other soldiers in the unit.  Again, the judge and he's going to instruct you, and the Government's asking, do not sentence him for those other drug deals.  We don't want you to punish him for them, but we want you to consider those other drug deals as indicative of his rehabilitative potential because they show you a couple of things.  They show you his attitude towards the crime, and that is a long term pattern through the summer and on to December his conduct—it's his norm of conduct, and that he accepts this conduct as the norm as indicative of the amount of confinement that is needed because just of the way he views the crime.  It's not that big a deal to him.  He does it routinely.

It also goes on to show a substantial likelihood of future involvement in drugs, and as such again it's indicative of his rehabilitative potential, in that lengthy confinement is necessary.

The military judge instructed the members specifically as to the uncharged drug offenses and absence from the court:

MJ   Although you must give due consideration to all matters in mitigation and extenuation, as well as those in aggravation, please bear in mind that the accused is to be sentenced only for the offenses for which he has been found guilty.  You are not to punish him for the drug offenses that you've heard about for which he's not charged.  You're not to punish him for his AWOL.  That evidence was admitted solely as aggravating factors of the offenses for which he's been found guilty and most specifically to shed light on the likelihood of whether or not this accused will respond to rehabilitation.

## B.   Unauthorized Absence and Escape

■ In *United States v. Wingart*, 27 M.J. 128 (C.M.A.1988), the Court of Military Appeals provided helpful explication of Rule for Courts–Martial 1001(b)(4) [1] and 1001(b)(5). [2]  In the majority opinion, Chief Judge Everett observed that uncharged misconduct that "directly relates to or results from" the offenses of which the accused is found guilty may be preparatory to, accompany, or follow that offense.  Thus, a false official statement concealing an earlier theft of government property would be admissible under Rule for Courts–Martial 1001(b)(4).  *Id.* at 135.  Misconduct occasioned by an accused absenting himself from his court-martial shares the same impetus as falsely denying knowledge of a crime and perjury: the accused was willing to engage in more misconduct to avoid punishment for his charged misconduct.  The Court of Military Appeals has realistically permitted evidence of such

---

**1.** Rule for Courts–Martial 1001(b)(4) provides, pertinently:

(4) *Evidence in aggravation.*  The trial counsel may present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty.

**2.** Rule for Courts–Martial 1001(b)(5) provides:

(5) *Evidence of rehabilitative potential.*  The trial counsel may present, by testimony or oral deposition in accordance with R.C.M. 702(g)(1), evidence, in the form of opinion, concerning the accused's previous performance as a servicemember and potential for rehabilitation.  On cross-examination, inquiry is allowable into relevant and specific instances of conduct.

misconduct. *See United States v. Cabebe,* 13 M.J. 303, 305 (C.M.A.1982) (perjury); *United States v. Warren,* 13 M.J. 278, 285 (C.M.A.1982) (perjury). In *Warren,* the court ruled that the court members must be instructed that this evidence of uncharged misconduct must be considered only on the issue of whether the accused can be rehabilitated, *"not* [to] mete out additional punishment for the false testimony itself." *Id.* Consistently, that court has permitted a trial judge, as sentencing authority, to consider that the accused was voluntarily absent as pertinent to the issue of the accused's rehabilitation and retention prospects. *United States v. Chapman,* 23 M.J. 226 (C.M.A.1986) (summary disposition). We have held similarly. *See United States v. Anderson,* 25 M.J. 779, 780 (A.C.M.R.1988) (testimony admissible under R.C.M. 1001(b)(4) that accused threatened witnesses at investigation under Article 32, Uniform Code of Military Justice, for charges against a compatriot).

In contradistinction to Rule for Courts–Martial 1001(b)(2)–(4), which allows for evidence of specific instances of uncharged misconduct, with a general instruction that they pertain to the issue of rehabilitation, Rule for Courts–Martial 1001(b)(5) permits certain opinion evidence on the issue of rehabilitative potential. Specific incidents of uncharged misconduct under Rule for Courts–Martial 1001(b)(5) can be raised only by questions on cross-examination. *United States v. Wingart,* 27 M.J. at 133–34. This limitation in Rule for Courts–Martial 1001(b)(5) on the form of rehabilitative potential evidence does not mean that aggravating circumstances otherwise pertinent to rehabilitation are thereby inadmissible.[3] To the contrary, evidence of specific incidents of uncharged misconduct is admissible as aggravating circumstances under Rule for Courts–Martial 1001(b)(2)–(4). In the instant case, the voluntary absence achieved by escape from custody satisfied the rule for admissibility under Rule for Courts–Martial 1001(b)(4).

Absence without authority and escape from custody to avoid trial by court-martial are aggravating circumstances directly related to the offenses for which an accused is being tried. Accordingly, evidence of that misconduct is admissible under Rule for Courts–Martial 1001(b)(4). Thus, the military judge did not abuse his discretion in finding the absence, initiated by escape from custody, to be an aggravating circumstance. Nor does the danger of unfair prejudice substantially outweigh the strong probative value of the evidence. Military Rule of Evidence 403. The burden is on the accused to mitigate those aggravating circumstances. An absent accused could pursue that goal by communications to the court-martial through testimony of another or an unsworn statement presented by counsel, or later to the convening authority, with the assistance of counsel.

We read the trial counsel's argument as consistent with the military judge's instruction that properly limited the court members' consideration of this aggravating evidence to the issue of the appellant's rehabilitation. Rule for Courts–Martial 1001(g) provides that rehabilitation of the accused, general and specific deterrence, and social retribution are all "generally accepted sentencing philosophies" that the trial counsel may argue to the court. As the Court of Military Appeals pointed out in *Warren* though, certainly the social retribution function of the sentencing authority does not include meting out additional punishment for the false testimony itself. *United States v. Warren,* 13 M.J. at 285. Instead, specific aggravating as well as all other circumstances shown by the evidence are pertinent to "the likelihood that the accused can be rehabilitated." *Id.* The Court of Military Appeals has consistently applied this rule. *See United States v. Chapman,* 23 M.J. at 226. Thus, the trial counsel and military judge treated the aggravating, uncharged misconduct of unauthorized absence and escape from custody properly.

---

**3.** Specific instances of misconduct could, of course, be introduced in rebuttal of either a statement of facts in an unsworn statement by

the accused or in rebuttal of other matters submitted by the defense. R.C.M. 1001(c)(2)(C) and (d).

## C. *Uncharged Drug Distributions*

Pertinently, the prosecution proceeded to charge the appellant based on his participation in two controlled illicit drug purchases. Once a conviction was obtained for those offenses, evidence of more aggravating misconduct was presented. Two soldiers related that for profit the appellant repeatedly provided them "crack" for profit in the barracks several months before the alleged offenses. This scenario is troubling. The government waited to present weaker evidence of uncharged, but more aggravated, misconduct until after the burden was relaxed from proof beyond a reasonable doubt.

■■■■ We find that the uncharged distributions were not "directly related" to those charged. Rule for Courts–Martial 1001(b)(4). We have already observed that, in *Wingart*, Chief Judge Everett pointed out that uncharged misconduct "directly related" to the offenses for which an accused has been convicted may precede, accompany, or follow the offense for which the accused was convicted. Thus, "[t]he uncharged misconduct may be admitted because it is preparatory to the crime of which the accused has been convicted—*e.g.*, an uncharged housebreaking that occurred prior to a larceny or rape." *United States v. Wingart*, 27 M.J. at 135. Chief Judge Everett also pointed out in *United States v. Martin*, 20 M.J. 227, 232 (C.M.A.1985) (Everett, C.J., concurring) that aggravating evidence of the charged offenses can "help the sentencing authority learn whether the accused distributed drugs as a favor or as part of a large business he operated." We read these two opinions together to conclude that the aggravating evidence of the accused's motivation is relevant for sentencing only if it also directly relates to, that is, in this case preparatory to, the charged unlawful distribution of drugs. Thus, even if both charged and uncharged drug transactions are impelled by greed or by a craving for cocaine, uncharged drug distributions for profit in preceding months to persons other than those involved in the charged offenses are not, simply because of the same motivation, preparatory "to the charged distributions." Further, the uncharged offenses really do not shed new light on how anti-social the appellant's motive was for these unlawful drug distributions. That was already clear regarding the charged offenses.

■■■■ The evidence of the uncharged drug distributions was also inadmissible because the danger of unfair prejudice substantially outweighed any probative value. Mil.R.Evid. 403. Even if the evidence met the "directly related" test of Rule for Courts–Martial 1001(b)(4) because, for example, it provided a missing motivation for the offense and was in fact the time when a "contract" was struck for the charged unlawful distribution, we find that Military Rule of Evidence 403 requires that when the uncharged offenses of the same type as those charged assume such a large role, the government should be put to the test of a finding of proof beyond a reasonable doubt before that evidence can be considered for sentencing, *i.e.*, the offenses should be charged. The Court of Military Appeals in *United States v. Wingart*, 27 M.J. 128 (C.M.A.1988), recognized this element of "potential unfairness" and pointed out that "the government does not bear a heavy burden of proof with respect to such misconduct." *United States v. Wingart*, 27 M.J. at 136; *see United States v. Mirandes–Gonzalez*, 26 M.J. 411, 414 (C.M.A. 1988) (Sullivan, J., concurring in result) (citing *Huddleston v. United States*, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988), "that the strength of the evidence establishing the similar act is one of the factors the court may consider when conducting Manual for Courts–Martial, United States, 1984, [Mil.R.Evid.] 403 balancing.") Moreover, the uncharged offenses were more aggravated than the charged offenses. *See United States v. Berger*, 23 M.J. 612, 615, (A.F.C.M.R.1986) (military judge abused discretion when "much more serious" acts among other factors provided danger of unfair prejudice that substantially outweighed probative value), *petition denied*, 25 M.J. 394 (C.M.A.1986).

We distinguish *United States v. Arceneaux*, 21 M.J. 571 (A.C.M.R.1985), *petition*

*denied,* 22 M.J. 240 (C.M.A.1986), where this court held that the military judge, as sentencing authority, did not abuse his discretion in considering uncharged misconduct of prior distributions of drugs through the same soldiers. In *Arceneaux,* the appellant had raised the uncharged misconduct in the providence inquiry and it was clearly evidence of circumstances surrounding the commission of the charged offenses, showing the accused's overall plan with the same soldiers to distribute drugs; the military judge later pursued the plan with defense witnesses on sentencing. Those facts were directly related to the charged offenses and did not have the prejudicial impact of the evidence before us. Here, any value of this additional evidence that the appellant is an entrepreneur is overridden by the interest in preserving fairness in this case. The government chose not to charge those more aggravated offenses on which it lacked confidence that the evidence could prove beyond a reasonable doubt, and the government should not achieve a sentencing impact via the back door. Thus, the military judge abused his discretion in admitting the evidence of uncharged distributions of cocaine.

## II. *Non–Presentation of Any Evidence on Some Specifications*

The appellant also contends that the trial counsel should not have presented a flyer to the court that contained specifications on which he knew no evidence would be presented. At trial, the prosecutor announced that, because of recent hospitalization of a witness, "two failure to repairs at a minimum" would probably not be the subject of evidence. At the close of the government's case, the military judge dismissed six of fourteen failure to repair specifications. The trial defense counsel did not object. We hold that it was error for the trial counsel to present a flyer to the court-martial which contained specifications for which he did not have evidence to introduce to support those specifications. The military judge gave appropriate cautionary instructions and we find that the sentence in this case was not affected by those dismissed specifications. *See* Article 59a, UCMJ, 10 U.S.C. § 859a (error of law is basis for holding finding or sentence incorrect if the error prejudices the substantial rights of the accused); *United States v. Griffin,* 25 M.J. 423, 425 (C.M.A. 1988), *cert. denied,* —— U.S. ——, 108 S.Ct. 2849, 101 L.Ed.2d 886 (1988); *United States v. Fisher,* 21 M.J. 327, 328–29 (C.M.A.1986); *United States v. Phare,* 45 C.M.R. 18, 22 (C.M.A.1972).

The findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the court affirms only so much of the sentence as provides for a dishonorable discharge, confinement for nine years, and forfeiture of all pay and allowances.

Senior Judge DeFORD and Judge GIUNTINI concur.